[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 27, 1995 the parties appeared, through counsel, at which time the court followed the directions of the Appellate Court[1] and entered a corrected judgment solely as to the amount of the verdict which was rendered and ordered accepted and recorded on March 26, 1992.
While the Appellate Court's decision is clear and unequivocal, some confusion appears to exist on the issue of the plaintiff's right to tax interest on the judgment from the effective date of the verdict. The plaintiff filed a "Motion For Articulation" which the Appellate Court denied. A similar motion was filed with this court prior to the hearing on November 27, 1995 and this court declined to consider the motion (the defendant filed an objection to the motion) as not being properly before the court. CT Page 636
Prior to November 27, 1995, the Connecticut Supreme Court denied certiorari. Subsequent to the hearing on November 27, 1995, the defendant paid the judgment as well as costs and interest running from November 27, 1995. Thereafter, the plaintiff filed a "Bill of Costs, including interest" which came before the Clerk of the Superior Court, Judicial District of New Haven at New Haven. That was denied on the grounds that interest on a judgment is not a taxable cost. The plaintiff then filed a "Motion for Clarifcation" and the defendant filed a written objection.
The motion and the objection are denied. The court believes the motion is not properly before the court and is an attempt to act where the Appellate Court declined to act. However, the court does exercise its equitable jurisdiction and, sua sponte, rules that the effective date of the verdict rendered and ordered accepted and recorded by the court, March 26, 1992. Nowhere in its decision does the Appellate Court so much as hint that it is setting aside the verdict. The condition precedent to the correction of a verdict is the existence of a verdict.
The Appellate Court decision speaks for itself. The court did not order that the verdict be set aside but instead disagreed with this court's computation of "the economic damage finding."Bower v. D'Onfro, 38 Conn. App. 685, 698 (1995). The court stated:
 The trial court then rendered judgment against the Ausmus defendants in the amount of $478,326.95 representing their 50 percent proportional negligence. We agree, subject to the economic damage finding hereinafter set forth.
Id.
After determining that this court failed to reduce the jury award of $100,000.00 for economic damages to $65,019.40, the amount actually proven, the court ruled that:
 The entire jury award should, therefore, have been reduced to $965,019.40. After deducting the medical payments received by the plaintiffs and dividing by two, the judgment against [the defendants] should have been $460,836.65.
Bower v. D'Onfro, supra, at 701. CT Page 637
Section 37-3b, Connecticut General Statutes, entitled "Rate of Interest Recoverable In Negligence Actions", states:
 For a cause of action arising on or after October 1, 1981, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in any action to recover damages for injury to the person, or to real or personal property, caused by negligence, computed from the date of judgment.
There has to be finality to an action, a time when the endless filing of motions utilizing valuable time of the parties and the courts and thereby wasting public funds, must cease. This court has been overwhelmed with needless motions, causing it to expend time and energy better used on other matters, on a non-issue. Accordingly, the court, in exercising its equitable jurisdiction, hereby acts suo motu and rules that the plaintiffs are entitled to statutory interest on their judgment in accordance with the verdict which was accepted and recorded on March 26, 1992.